UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROLAND CARLY SAINTLOT,

    Plaintiff,

v.                                        Case No. 3:20cv6013-LC-HTC

LIEUTENANT NEEL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's complaint (ECF Doc. 1), which has been referred to the undersigned under 28 U.S.C. § 636 and Local Rule 72.2(C). Upon review, the undersigned recommends this action be DISMISSED without prejudice as malicious for abuse of the judicial process for Plaintiff's failure to disclose his complete litigation history and failure to prosecute this action or follow orders of the Court.

**I.    BACKGROUND**

Plaintiff Roland Carly Saintlot, an inmate of the Florida Department of Corrections ("FDOC") currently incarcerated at Santa Rosa Correctional Institution ("Santa Rosa C.I."), brings this action against Defendant Lieutenant Neel and six (6)

Doe Defendants, all of whom are employees of Santa Rosa C.I., based on alleged violations of the Eighth and Fourteenth Amendments. ECF Doc. 1.

## II. STANDARD OF REVIEW

Because Plaintiff is (1) an inmate seeking relief against governmental employees and (2) proceeding *in forma pauperis*, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e) (applying the same standard to *in forma pauperis* proceedings).

## III. FAILURE TO DISCLOSE

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." ECF Doc. 1 at 13. Despite that declaration, Plaintiff made false representations in the complaint by omitting numerous actions and an appeal that he previously filed. Section VIII of Plaintiff's complaint, titled "Previous Litigation," specifically asks, "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" ECF Doc. 1 at 12. For this section, Plaintiff checked "Yes,"

Case No. 3:20cv6013-LC-HTC

indicating he had filed *only* two (2) previous lawsuits necessary to be disclosed.[1] *Id.* Plaintiff completes the remainder of the section by placing dashes in each blank, indicating he has not filed any other lawsuits necessary to be disclosed.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation, the undersigned takes judicial notice of the following actions that Plaintiff filed but failed to disclose:

> *Saintlot v. Johnson*, 3:18-cv-226 (N.D. Fla.);
> *Saintlot v. Secretary, Florida Department, et al.*, 0:18-stp-14172 (11th Cir.);
> *Saintlot v. Secretary, DOC, et al.*, 2:15-cv-494 (M.D. Fla.);
> *Saintlot v. Peacock, et al.*, 3:18-cv-1335 (N.D. Fla.); and,
> *Saintlot v. White, et al.*, 3:18-cv-2396 (N.D. Fla.).

All of these cases bear Plaintiff's name and FDOC inmate number, Y45056, and include three (3) section 1983 conditions of confinement claims, one (1) section 2254 habeas petition based on alleged ineffective assistance of counsel and

---

[1] Plaintiff lists the same case number for both actions; however, a review of PACER indicates the two (2) cases disclosed by Plaintiff are correctly identified as follows: *Saintlot v. Whitehead, et al.*, 3:18-cv-441; and *Saintlot v. Stokes, et al.*, 3:18-cv-2396.

Case No. 3:20cv6013-LC-HTC

prosecutorial misconduct, and one (1) Eleventh Circuit appeal challenging the District Court Judge's denial of Plaintiff's habeas petition.  Moreover, at least two of the actions—Case Nos. 3:18-cv-1335 and 3:18-cv-2396—both of which were filed in this District, were dismissed as malicious and for failure to state a claim, respectively, and, thus, are strikes under 28 U.S.C. §1915(g).

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff knew from reading the complaint form that disclosure of all prior cases was required.  The complaint form expressly warns prisoners: "**Failure to disclose all prior civil cases may result in the dismissal of this case.**"  ECF Doc. 1 at 13.  Nonetheless, Plaintiff made a false representation in his complaint.  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished.  As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information.  If word got

around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Thus, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## IV. FAILURE TO PROSECUTE OR FOLLOW ORDERS OF THE COURT

As an additional and independent ground for dismissal, Plaintiff has failed to prosecute or comply with orders of this Court, despite being given multiple chances to do so. On April 26, 2021, the Court ordered Plaintiff to submit an initial partial filing fee of $5.33 by May 17, 2021. ECF Doc. 12. More than three (3) weeks have passed since that deadline, and Plaintiff has not submitted the initial partial filing fee despite his awareness that failure to do so could warrant dismissal.

Indeed, earlier in this case, after Plaintiff failed to file a timely response to an order to show cause, the undersigned issued a report and recommendation for

dismissal of this action based on Plaintiff's failure to follow the Court's order requiring him to submit an *in forma pauperis* motion or the requisite filing fee. ECF Doc. 6. Subsequently, Plaintiff submitted two (2) filings (ECF Docs. 7, 8) indicating he could not respond to the Court's prior orders because he experienced various difficulties, and Plaintiff requested an extension of time to file an *in forma pauperis* motion. ECF Doc. 8 at 5. The Court granted Plaintiff's motion and vacated its prior report and recommendation (ECF Doc. 6). Yet, despite having a second opportunity to pursue his claims in this case, Plaintiff again fails to prosecute this action and follow orders of this Court. Thus, dismissal is appropriate on this ground alone.

## V.   CONCLUSION

It is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE as malicious for Plaintiff's abuse of the judicial process.

2. The clerk be directed to close the file on this matter.

Done in Pensacola, Florida this 10th day of June, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.